**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3915 |
| Plaintiff - Appellee, | D.C. No. 1:23-cr-00239-BLW-1 |
| v. | |
| TYLER J. PIERCE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted April 22, 2025**

Before:    GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Tyler J. Pierce appeals from the district court's judgment and challenges the

125-month sentence imposed following his guilty-plea conviction for distribution

of cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pierce contends that the district court erred by imposing a two-level obstruction of justice enhancement under U.S.S.G. § 3C1.1. We review the district court's factual findings for clear error, and its application of the Sentencing Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record shows that Pierce was concerned about evidence on his phone, and he provided his wife with passwords to his phone and social media accounts when she requested them. The district court reasonably determined that, even if the idea came from his wife, Pierce "clearly directed her" and gave her the information "so that she could implement the kind of jointly agreed upon plan to destroy the evidence." Contrary to Pierce's assertion, the court's remarks reflect that it found all the necessary elements of obstruction under § 3C1.1, including willfulness. *See United States v. Flores*, 802 F.3d 1028, 1047-48 (9th Cir. 2015); *see also* U.S.S.G. § 3C1.1 cmt. n.4(D) (one example of covered conduct is "destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding . . . or attempting to do so").

**AFFIRMED.**